UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


David Burns

    v.                                  Civil No. 06-cv-131-PB

Warden,
New Hampshire State Prison[1]

**O R D E R**

Before the court is pro se petitioner David Burns' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. I construe the Petition to consist of the original petition filed in 2006 (doc. no. 1) and a status report and addendum filed in September 2008 (doc. nos. 13-14). Burns is currently incarcerated at the Northern New Hampshire Correctional Facility ("NCF") in Berlin, New Hampshire. In the § 2254 petition, Burns has asserted six grounds for habeas relief arising under the Fourteenth Amendment Due Process Clause and the Sixth Amendment rights to counsel, an impartial jury, and a fair trial. A stay

---

[1] Bruce Cattell, formerly Warden of the N.H. State Prison, was named as the Respondent at the time this petition was originally filed. See § 2254 Rule 2 (petition must name as respondent state office was has custody over petitioner). At present, Burns is incarcerated at the Northern New Hampshire Correctional Facility ("NCF"), where Larry Blaisdell is the warden. Accordingly, the Clerk is directed to amend the caption to name NCF Warden Larry Blaisdell as the Respondent.

was entered in this matter from 2006 until March 2010, to enable Burns to exhaust his claims. The stay has been lifted at Burns' request, and the petition (doc. nos. 1 and 13-14) is now before me for preliminary review to determine whether it is facially valid and may be served. See Rule 4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rule"); see also United States District Court for the District of New Hampshire Local Rules ("LR") 4.3(d) (authorizing magistrate judge to preliminarily review pro se pleadings).

## Background

This case arises from Burns' conviction on counts of attempted murder and simple assault, relating to the attempted strangulation of his girlfriend in September 2002. Burns' paid private attorney, Robert Bennett, was permitted to withdraw from the case in June 2003 over Burns' objection, after the State filed a motion to clarify the status of counsel. The State had informed Bennett that Burns paid Bennett's retainer with funds diverted from Burns' daughter's trust account and informed him that he would be a witness when charges were filed. Bennett also expected to be called as a witness in family court proceedings. the court appointed counsel to represent Burns thereafter.

Burns was convicted by a jury in Rockingham County and sentenced to prison in 2004. The New Hampshire Supreme Court ("NHSC") affirmed the conviction. See State v. Burns, No. 2004-0533, slip op. at 3 (N.H. June 22, 2005).

Burns filed his section 2254 petition in 2006. Shortly after filing the petition here, he filed a motion for a new trial in state court. The section 2254 petition and the motion for a new trial raised the same issues. This court stayed the section 2254 petition to permit Burns to exhaust his state court remedies relating to the claims raised in the motion for a new trial.

In September 2008, Burns filed a status report and motion to extend the stay (doc. no. 12), stating that the Superior Court had denied his motion for a new trial, and that the NHSC had declined to accept an appeal. Burns indicated that he planned to amend his section 2254 petition to add a due process claim for a violation of his rights under Brady v. Maryland, 373 U.S. 83 (1963). Burns requested that the stay remain in place so that he could exhaust the Brady claim in the state courts. The § 2254 petition remained stayed at that time.

In September 2009, Burns filed a status report (doc. no. 19), stating that the Superior Court had denied his state habeas

petition including the Brady claim.  The status report also stated that Burns intended to appeal the denial of the state habeas petition, but was unable to do so, because he had been transferred to NCF from the prison in Concord, New Hampshire.

This court ordered Burns to show cause why the stay should not be lifted in response to Burns' failure to file a timely status report as required, see Order (Feb. 5, 2010).  Burns responded (doc. no. 21) by stating that he believed he had exhausted all of the federal claims in the Petition, and that the stay could be lifted.  This court lifted the stay thereafter. See Order (March 15, 2010).

The federal claims in Burns' Petition (doc. nos. 1, 13-14) are[2]:

> 1.   The State violated Burns' right to due process under the Fourteenth Amendment and Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose certain evidence that could have been used to impeach the testimony of the victim and chief investigator in the case.
>
> 2.   Burns' conviction was obtained in violation of his Sixth Amendment right to a fair trial because the prosecutor (a) improperly vouched for witness credibility; (b) appealed to jury emotions; (c) argued facts not in evidence; (d)

---

[2]The identification of the claims set forth herein shall be considered for all purposes to be the claims raised in the § 2254 petition.  If Burns disagrees with this identification of the claims, he must move for reconsideration, or move to amend the petition.

fabricated items of testimony; and (e) misstated prior testimonial evidence.

3.   Burns' conviction was obtained in violation of his Sixth Amendment right to a fair trial and an impartial jury because a sitting juror had contacted a police officer, who took photos introduced as evidence and who sat behind the victim at trial.

4.   Burns' conviction was obtained in violation of his Fourteenth Amendment right to due process because the trial judge's voir dire of the juror, who had contact with the police officer, was conducted off the record, not in the presence of counsel.

5.   The State interfered with Burns' right to counsel under the Sixth Amendment by threatening that Burns would be subjected to charges stemming from his use of his daughter's trust funds to pay the attorney's retainer, by recommending that defense counsel withdraw, and by filing a motion to clarify counsel status, which caused private defense counsel to withdraw from the case.

6.   Court-appointed defense counsel provided ineffective assistance in violation of Burns' Sixth Amendment rights by:
   (a) deviating from the trial strategy of innocense approved by Burns;
   (b) misunderstanding and misconstruing pertinent New Hampshire law;
   (c) failing to investigate relevant facts and interview witnesses;
   (d) introducing prior bad acts evidence at trial;
   (e) failing to call certain rebuttal witnesses;
   (f) failing to object to prior bad acts evidence introduced by the State;
   (g) failing to object to an improper closing argument;
   (h) failing to understand or investigate Burns' medical status before and during trial;
   (I) failing to object to an off-the-record chambers conference with a juror;
   (j) failing to file motions to exclude evidence of Burns' jail time on dismissed charges, his time on

>     probation, his time undergoing treatment at Portsmouth
>     Pavilion for mental illness, and the allegations that
>     he misappropriated his daughter's trust fund; and
>     (k) the cumulative effect of all of these errors.

## Discussion

Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Burns' federal claims are based on the Sixth and Fourteenth Amendments.

I.   Exhaustion Standard

To be eligible for habeas relief on his federal claims, Burns must show: (1) that he is in custody; and (2) that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle). Burns' imprisonment plainly satisfies the custody requirement. He has failed to satisfy the exhaustion requirement, however, as explained below.

A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims. See

6

Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).  "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted).  A habeas petitioner may fairly present a claim to the NHSC by doing any of the following:  "'(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.'"  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (citation omitted); cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988) (simply reciting facts underlying state claim, which might support either state or federal claim, is inadequate to constitute fair presentation of federal claim to state court).  In some circumstances, a petitioner can prove that he has exhausted a federal issue by showing that he cited state court decisions that

rely on federal law, or he articulated a state claim that is indistinguishable from one arising under federal law. See Nadworny v. Fair, 872 F.3d 1093, 1099-1102 (1st Cir. 1989). The petitioner has the burden of demonstrating that the state and federal claims are so similar that asserting only the state claim probably alerted the state court to the federal aspect of the claim. See id. at 1100. Applying these rules, I conclude that Burns exhausted Claims 4-6, but did not exhaust Claims 1-3, as explained below.

I.   Claim 1:  Failure to Turn over *Brady* Materials

Claim 1, numbered above, asserts a violation of the Fourteenth Amendment guarantee of due process relating to the State's failure to turn over evidence that could have been used to impeach witnesses. This claim was never presented to the NHSC. Burns' September 2009 status report (doc. no. 19) states that Burns did not appeal the Brady issue after his state habeas petition was denied, because he was transferred within the prison system and lost contact with the inmate who had helped him with his legal work. Burns apparently lost the opportunity to file a timely appeal of his state habeas petition based on the Brady claim. See N.H. Sup. Ct. R. 7. Because exhaustion of state

court remedies in New Hampshire is not complete until the NHSC has had an opportunity to review a claim, Burns has not exhausted his state court remedies as to Claim 1.

## II. Claim 2:  Prosecutor's Closing Argument

The next claim numbered above that I must examine to discern whether it has been exhausted is Claim 2, Burns' assertion that statements involving witness credibility, testimony, and an appeal to juror emotions in the prosecutor's closing argument violated his right to a fair trial under the Sixth Amendment.  In denying Burns' motion for a new trial, the trial court rejected Burns' claim that the prosecutor had improperly appealed to jury emotions.  Without specifically noting the federal nature of the claim, the trial court based its decision in part on counsel's failure to preserve the issue by a contemporaneous objection.[3]

In his Notice of Appeal of the trial court's order, Burns raised the issue of the prosecutor's closing argument only in the context of arguing that his counsel's failure to object to the improper statements was evidence of ineffective assistance of

---

[3]Burns' underlying motion for a new trial had raised the prosecutorial misconduct claim as a separate ground for relief, citing Sixth Amendment fair trial precedent.  This motion was not before the NHSC, as it was not part of the record filed in the NHSC with the Notice of Appeal.

counsel. No discussion of the right to a fair trial itself appears in the Notice of Appeal in connection with the reference to the prosecutor's closing argument.

Embedding an issue like this within a Sixth Amendment right to counsel claim in a state court appeal, alleging that counsel's failure to object was evidence of ineffective assistance, does not ensure that the issue will be deemed exhausted. Such an interstitial presentation of an issue may be inadequate to alert the state courts to the issue's status as a separate federal claim. See Rose v. Palmateer, 395 F.3d 1108, 1110-12 (9th Cir. 2005) (petitioner did not fairly present Fifth Amendment claim to state's highest court when Fifth Amendment claim was discussed only as one of several issues handled ineffectively by counsel).

A reasonable jurist reviewing the July 2008 record on appeal in the NHSC, including the notice of appeal and the underlying trial court order denying the motion for a new trial, would not have been alerted to Burns' separate claim that the prosecutor's closing argument violated Burns' federal constitutional right to a fair trial. Faced with the record on appeal, a reasonable jurist could conclude that Burns had abandoned his earlier strategy of challenging the closing argument as a separate

violation of his constitutional rights, perhaps in light of the trial court's finding that no contemporaneous objection had been made. Accordingly, I conclude that Burns has not exhausted Claim 2 in the state courts.

III. Claim 3:  Juror Bias

Claim 3 asserts that a police officer's contact with a sitting juror violated Burns' Sixth Amendment right to a fair trial and an impartial jury. As to exhaustion, the trial court order on the motion for a new trial states that the "issue regarding alleged juror misconduct was raised in the defendant's notice of appeal filed on June 22, 2005," but that the juror bias claim was not briefed by Burns in the NHSC. Ex. to 90-Day Status Report (doc. no. 12), at 4 (State v. Burns, No. 02-S-2540 (N.H. Super. Ct., Rockingham Cty., June 9, 2008) (Order on Def's M. for New Trial), slip op. at 3). Burns took issue with this finding in his appeal of that trial court order. Counsel informed the NHSC in Burns' appeal of the denial of the motion for a new trial that Burns' copy of the notice of appeal of the underlying conviction "does not indicate that the juror issue was raised." Appendix to § 2254 Pet. (doc. no. 14) at 107 (Burns' Notice of Discretionary Appeal, at 10).

It is possible that the federal nature of the juror bias claim was exhausted through Burns' appeal of his underlying conviction. Without a record including pertinent documents filed in that appeal, however, I cannot make a finding in that regard.

It is clear, however, that the NHSC did not have the juror bias issue squarely before it when it turned down Burns' discretionary appeal of the denial of his motion for a new trial. In that notice of appeal, Burns did not include a claim that his conviction had been obtained in violation of his federal constitutional right to an impartial jury. Rather, counsel raised only the claim denominated as Claim 4 here, citing State v. Castle, 128 N.H. 649, 517 A.2d 848 (1986), in which the NHSC focused its inquiry on the due process procedural protections necessary to ensure the impartiality of jurors, as the defendant in Castle had not asserted actual bias. Accordingly, I conclude that Burns has not demonstrated exhaustion of his Sixth Amendment juror bias claim, denominated as Claim 3 above.

III. Claims 4-6 Are Exhausted

The federal nature of the remaining claims was raised adequately in the state courts, including in the highest state court. The exhaustion analysis as to these claims follows.

Claim 4 asserts that the trial judge's voir dire of the possibly tainted juror in chambers off the record and without counsel present violated Burns' right to due process. Claim 4 appears in Burns' July 2008 appeal of the trial court's denial of his motion for a new trial. The list of issues in that notice of appeal includes a claim that Burns had an "inherent right" to a voir dire of the juror on the record. Counsel for Burns cited Castle, 128 N.H. 649, 517 A.2d 848, in the notice of appeal, to support his claim of a right to have had voir dire conducted on the record. Castle is based on state law, but discusses Fourteenth Amendment precedent in connection with the same issue. See id. at 651, 517 A.2d at 849. A reasonable jurist confronted with the Notice of Appeal and its citation to a state case citing Fourteenth Amendment precedent, in the context of an appeal of an underlying order citing the Fourteenth Amendment unambiguously, would be alerted to the federal nature of Claim 4. I conclude, therefore, that Claim 4 was exhausted.

As to the remaining claims in the Petition, the exhaustion analysis is simpler: The Notice of Appeal characterized Claim 5 as a "Sixth Amendment" claim, asserting that the State interfered with Burns' choice of counsel. This claim has been exhausted.

Claim 6 is Burns' ineffective assistance of counsel claim. The State and federal constitutional standards for evaluating the claim are identical. See State v. Roy, 148 N.H. 662, 664, 814 A.2d 169, 171 (2002) (standard for evaluating ineffective assistance of counsel claim is identical under state and federal constitutions). Therefore, the unelaborated reference to "ineffective assistance of counsel" in Burns' notice of appeal to the NHSC was sufficient to present the federal nature of the claim to that court for the purposes of exhaustion.

In his notice of appeal of the denial of the motion for a new trial, Burns specifically cited the following as evidence of trial counsel's ineffective assistance: the failure to object to the prosecutor's closing argument, failure to investigate and present defense witnesses, failure to request a record when a juror had contact with a police officer, failure to prepare defendant to testify, failure to argue innocense as the primary defense, and the overall impact of all of these errors. Burns' counsel described that list as not exhaustive, but as a subset of all issues listed in the motion for a new trial. The remaining items listed in the Petition as evidence of ineffective assistance of counsel were included in the motion for a new

trial, and had either been included in the notice of appeal of Burns' underlying conviction, or were specifically listed and rejected by the trial court in denying the motion for a new trial.  See Ex. to 90-Day Status Report (doc. no. 12), at 4 (State v. Burns, No. 02-S-2540 (N.H. Super. Ct., Rockingham Cty., June 9, 2008) (Order on Def's M. for New Trial), slip op. at 1-8 & n.1).  I conclude, therefore, that Burns has demonstrated exhaustion as to his Sixth Amendment ineffective assistance of counsel claim, numbered as Claim 6 above.

V.   Consequence of Failing to Exhaust Claims 1-3

Burns' habeas petition includes a mix of exhausted and unexhausted claims.  Such a "mixed" petition cannot be maintained in federal court under § 2254 and is subject to dismissal.  See Nowaczyk v. Warden, 299 F.3d 69, 75 (1st Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 514 & 518-19 (1982)).

A mixed petition may be stayed, as this court has previously done in this case, to enable a petitioner to return to the state courts to exhaust his remedies on any unexhausted claims.  A stay may be issued if the petitioner can show that he had good cause for failing to exhaust his claims in state court before he filed the federal petition.  See Rhines v. Weber, 544 U.S. 269, 277

(2005).

In the alternative, to avoid dismissal of a mixed petition, a petitioner may elect in writing to forego the unexhausted claims.  The risk of dropping unexhausted claims from a § 2254 petition is that the petitioner will likely be barred from asserting them in the future in a later-filed habeas petition.  See 28 U.S.C. § 2244(b) (limiting district court's ability to consider claims raised in second or successive § 2254 petitions).

Here, Burns has not demonstrated cause for failing to demonstrate exhaustion as to Claims 1-3.  Burns has informed the court that he did not appeal his state habeas petition denial, which involved Claim 1, because he had been transferred within the prison system and lost contact with an inmate who had assisted him.  Burns is apparently capable of filing documents on his own, however, given his performance in this case.  The omission of Claim 2 from Burns' appeal of the denial of the motion for a new trial appears to have been a tactical decision made by Burns' appointed counsel, an effort to drop an issue that had not been the subject of a contemporaneous objection at trial. A question remains as to whether Claim 3 might have been exhausted in the appeal of Burns' underlying conviction, but

Burns' failure to provide this court with pertinent documents filed in that appeal has made it impossible for me to find of exhaustion on that basis.  Burns will not be able to file a notice of appeal including Claims 1-3 at this point without leave of the NHSC, given the 30-day time limit, imposed by N.H. Sup. Ct. R. 7, for appealing a Superior Court decision on the merits.

## Conclusion

To provide Burns with an opportunity to forego his unexhausted claims or to show cause why this Court should reinstate the stay, I hereby enter the following order:

1. Burns shall file a notice in this court within thirty (30) days from the date of this Order, stating whether he intends to drop his unexhausted federal claims, numbered as Claims 1, 2, and 3 above.

2. If Burns chooses to drop these unexhausted claims from the Petition, this court will promptly direct that the Petition (including only Claims 4-6) be answered by the Respondent.

3. If Burns chooses not to forego the unexhausted claims, Claims 1-3, he must exhaust those claims in the state courts. Within 30 days of the date of this Order, Burns shall initiate state court proceedings to exhaust the unexhausted claims.  He

must also file a motion in this court showing cause for this court to reinstate the stay on his § 2254 petition, by specifying, at a minimum, the steps that Burns is taking to exhaust Claims 1, 2, and 3 above in the state courts, including in the NHSC.

    4. If Burns fails to comply with this Order, I will recommend dismissal of the § 2254 Petition in its entirety as a mixed petition.

    **SO ORDERED.**

                                            /s/ James R. Muirhead
                                            James R. Muirhead
                                            United States Magistrate Judge

Date: April 16, 2010

cc:   David Burns, pro se

JRM:nmd