UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


David Burns

    v.                                             Civil No. 06-cv-131-PB

Richard M. Gerry, Warden
New Hampshire State Prison

### REPORT AND RECOMMENDATION

Before the court is pro se petitioner David Burns' petition for a writ of habeas corpus, as amended in accordance with my margin Order (May 19, 2010), granting his motion to amend (doc. no. 24). In an earlier Order in this matter, see Order (April 16, 2010) (doc. no. 23), I identified six federal claims raised in Burns' petition, including a mix of both unexhausted claims (Claims 1-3) and exhausted claims (Claims 4-6). In that Order, I directed Burns to forego or exhaust Claims 1-3 to avoid dismissal of the entire mixed petition. See Order (April 16, 2010) (doc. no. 23). Burns has since agreed to forego Claims 1-3, to the extent that those claims have not been exhausted. In addition, Burns has added two new claims in his amended petition, specifically, a challenge to the jury instruction on attempted murder and a claim asserting a violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). The amended petition is

before me for preliminary review, to determine if the claims are facially valid and may be served.  See Rule 4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rule"); see also United States District Court for the District of New Hampshire Local Rules ("LR") 4.3(d) (authorizing magistrate judge to preliminarily review pro se pleadings).

For reasons stated more fully below, I recommend that this court dismiss Burns' claim challenging the attempted murder jury instruction, as it raises only a state law issue, not cognizable in a federal habeas petition.  The remaining claims may proceed, to the extent that they have been exhausted and not waived.  Accordingly, in an Order issued this date, I have directed service of the claims previously enumerated as Claims 4-6, renumbered below as Claims I-III, and the Miranda claim (Claim IV, set forth below).

## Standard of Review

Under LR 4.3(d)(2), when an incarcerated plaintiff commences an action pro se, the magistrate judge conducts a preliminary review.  In a preliminary review, pro se pleadings are construed liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble,

429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pleading filed pro se should be dismissed for failing to state a claim on which relief could be granted, the Court must consider whether the allegations, construed liberally, Erickson, 551 U.S. at 94, "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be

accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'"  Id. (citation omitted).  Determining if the pleadings state a viable claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citation omitted).

## Background

The facts and procedural history of the underlying criminal proceedings and this petition appear in greater detail in an Order issued in this case on April 16, 2010.  See Order (April 16, 2010) (doc. no. 23).  The following is a summary of that background information, supplemented as necessary with additional allegations derived from the record.

This case arises from Burns' conviction on counts of attempted murder and simple assault, relating to the attempted strangulation of his girlfriend in September 2002.  When Burns was arrested, an officer read a department-issued Miranda warning card to him.  Burns agreed to talk with the police and signed the back of the card.  Burns, who appeared upset at the time, suffered from mental illness and was addicted to crack cocaine.  Burns has contended that these factors made his waiver of Miranda

rights involuntary and invalid.

A jury convicted Burns of attempted murder and simple assault, and he was sentenced to prison in 2004. The New Hampshire Supreme Court ("NHSC") affirmed the conviction, rejecting, among other things, Burns' challenge to the validity of the jury instruction on attempted murder and Burns' contention that his Miranda rights had not been validly waived. See State v. Burns, No. 2004-0533 (N.H. June 22, 2005).

Burns filed his petition for federal habeas relief under 28 U.S.C. § 2254 in 2006, shortly before filing a motion for a new trial in state court. This court stayed the section 2254 petition to permit Burns to exhaust his state court remedies. Burns litigated matters relating to his conviction in State court and asked the court to lift the stay in March 2010. This court lifted the stay thereafter. See Order (March 15, 2010).

In my Order issued on April 16, 2010, I identified six federal claims raised in Burns' § 2254 Petition (doc. nos. 1, 13-14). Burns has since agreed to drop the unexhausted federal claims, identified in that Order as Claims 1-3, and has amended his Petition to add two new claims.[1] Accordingly, there are five

---

[1]Burns unconditionally waived Claims 1 and 2 in his motion to amend (doc. no. 24). In that motion, Burns also offered to

5

claims -- some with multiple subparts -- in Burns' § 2254 habeas petition at this time, including the two new claims and the claims previously enumerated as Claims 4-6. All five of these claims are enumerated with Roman numerals below.[2] (The claims previously enumerated as Claim 4-6 are listed below as Claims I-III, and the two new claims are listed as Claims IV and V.)

    I.   Burns' conviction was obtained in violation of his Fourteenth Amendment right to due process because the trial

---

drop Claim 3, if this court were to find that he had not exhausted Claim 3 through his discretionary appeal of his motion for a new trial. In my April 16, 2010 Order (doc. no. 23), I found that Burns had not exhausted the claim of jury bias. Burns has provided no information that warrants reconsideration of that finding; while it is true that Burns' motion for a new trial asserted federal due process and fair trial claims of jury bias, see Appx. to Pet. (doc. no. 14) at 7, Burns did not present those claims of jury bias to the NHSC in his discretionary appeal in a manner calculated to alert a reasonable jurist to those claims. The state trial court order denying the motion for a new trial, appended to the notice of appeal, included a finding that the juror in question was not biased. Appellate counsel did not challenge the trial court's finding that the juror was unbiased and did not raise a jury bias claim per se. Rather, counsel contended that the trial court failed to conduct a proper voir dire of that juror on the record, in the presence of counsel, which is a distinct claim of a due process violation. Accordingly, I will accept Burns' offer to waive Claim 3, as well as Claims 1 and 2, as none have been exhausted, allowing only the exhausted federal claims in his § 2254 petition to proceed.

    [2]The identification of the claims set forth herein shall be considered for all purposes to be the claims raised in the § 2254 petition. If Burns disagrees with this identification of the claims, he must move for reconsideration, or move to amend the petition.

judge's voir dire of a juror who had contact with a police officer, was conducted off the record, not in the presence of counsel.

II.  The State interfered with Burns' right to counsel under the Sixth Amendment by threatening that Burns would be subjected to charges stemming from his use of his daughter's trust funds to pay his attorney's retainer, by recommending that defense counsel withdraw, and by filing a motion to clarify counsel status, which caused private defense counsel to withdraw from the case.

III. Court-appointed defense counsel provided ineffective assistance in violation of Burns' Sixth Amendment rights by:
   (a) deviating from the trial strategy of innocence approved by Burns;
   (b) misunderstanding and misconstruing pertinent New Hampshire law;
   (c) failing to investigate relevant facts and interview witnesses;
   (d) introducing prior bad acts evidence at trial;
   (e) failing to call certain rebuttal witnesses;
   (f) failing to object to prior bad acts evidence introduced by the State;
   (g) failing to object to an improper closing argument;
   (h) failing to understand or investigate Burns' medical status before and during trial;
   (I) failing to object to an off-the-record chambers conference with a juror;
   (j) failing to file motions to exclude evidence of Burns' jail time on dismissed charges, his time on probation, his time undergoing treatment at Portsmouth Pavilion for mental illness, and the allegations that he misappropriated his daughter's trust fund; and
   (k) the cumulative effect of all of these errors.

IV.  The trial court erred in failing to instruct the jury, that to find Burns guilty of attempted murder, it must first find that he acted deliberately and with premeditation.

V.   The trial court erred in finding that Burns validly waived his rights under Miranda v. Arizona, 384 U.S. 436

(1966).

## **Discussion**

I.  Claim IV:  State Law Jury Instruction Claim

Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A claim challenging the validity of jury instructions may have a federal character, if, for example, the failure to instruct the jury properly violated the defendant's right to a fair trial or due process. On the other hand, federal habeas relief under section 2254 is not available for claims asserting only that the jury instructions were inconsistent with the requirements of state law.  See DiGuglielmo v. Smith, 366 F.3d 130, 136–37 (2d Cir. 2004) (citing, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law")); see also Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997) (independent basis for challenging validity of jury instructions in federal law must be a prerequisite to obtaining habeas relief, otherwise "district courts in habeas

corpus cases would sit as super state supreme courts for the purpose of determining whether jury instructions were correct under state law with respect to the elements of an offense and defenses to it").

Here, Burns has asserted a jury instruction claim in his habeas petition that lacks any federal aspect. Burns has not asked this court to consider the question through a lens of fundamental fairness, as a violation of due process, or by way of any other consideration relevant to a federal constitutional challenge. Rather, Burns specifically characterizes the issue as intending to replicate the claim that appellate counsel raised, and that the NHSC rejected, in his direct appeal. See Mot. to Amend at 2-3 (doc. no. 24). The NHSC was asked to consider "Whether the trial court erred by refusing to give the defendant's requested jury instruction regarding attempted murder?" and answered that question in the negative, finding that the issue turned on a question of statutory construction under state law. Because the jury instruction claim here (Claim IV above) presents the same state law issue and no independent federal claim, it should be dismissed as not cognizable is a petition for habeas relief under section 2254.

II.  <u>Exhaustion</u>

To be eligible for habeas relief on his federal claims, Burns must show: (1) that he is in custody; and (2) that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes.  <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see</u> <u>also</u> <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle).  Burns' imprisonment plainly satisfies the custody requirement.

My review of the record here indicates that Burns has satisfied the exhaustion requirement as to each federal claim enumerated above as Claims I-III and V.  Accordingly, those federal claims may proceed.

### Conclusion

For the foregoing reasons, Claim IV should be dismissed.  I have directed in an Order issued this date that the remaining claims identified in this Report and Recommendation (Claims I-III and V) be served on the Respondent.  Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's

order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: May 27, 2010

cc:   David Burns, pro se

JRM:nmd